UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:21-cr-61 (DSD/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Bereket Efren Worasi, | |
| Defendant. | |

This matter is before the Court on the parties' pretrial motions for discovery, disclosure, and other similar relief. The Court held a hearing on the motions on June 23, 2021, at which the government and Mr. Worasi were represented by counsel. [Minutes, ECF No. 27]. Based on the parties' submissions and the arguments at the hearing, the Court enters the following Order.

### 1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 [ECF No. 15]

Pursuant to several Rules of Criminal Procedure, the government seeks discovery and disclosures from Mr. Worasi regarding documents and tangible objects; reports of examinations and tests; expert testimony; any alibi defense; any insanity defense or defense based on mental illness; any claim of public authority; and witness statements. The government's motion is **GRANTED** to the extent that Mr. Worasi shall provide discovery and make disclosures as required by the applicable Rules of Criminal Procedure.

With respect to expert disclosures, the government is required to make disclosures required by the rules no later than **three weeks before trial**. Mr. Worasi is required to make such disclosures no later than **two weeks before trial**. This schedule will ensure that both sides have sufficient time to prepare any challenges to the admissibility of

expert testimony by the deadline set by the district court for the submission of motions in limine.

2. **Mr. Worasi's Motion for Discovery [ECF No. 19]**

Mr. Worasi seeks an order requiring the government to (1) produce discovery pursuant to Federal Rules of Criminal Procedure 16; and (2) make disclosures of witness, regardless of whether the government intends to call such witnesses at trial, statements 30 days before trial. The government does not oppose the motion to the extent that Mr. Worasi seeks information the government is required to produce or disclose under the relevant rules. However, the government does object to Mr. Worasi's request for early disclosure of witness statements and disclosure of witness statements that the government does not intend to use at trial, arguing that such exceeds its discovery obligations under the rules.

The Jenks Act neither allows discovery of witness statements the government does not intend to use at trial, nor requires early disclosure of statements the government does use. 18 U.S.C. § 3500(a) ("[N]o statement or report in the possession of the United States which was made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."). Accordingly, Mr. Worasi's motion is **DENIED** to the extent he seeks disclosures and discovery not required by the Jenks Act. However, nothing in this Order prevents the government from disclosing witness statements prior to the testimony given at trial. The government has represented that it will disclose witness statements at least three days prior to trial. The Court encourages earlier disclosure by the government to avoid unnecessary delays and to ensure the fairness of the proceeding.

3. **Mr. Worasi's Motion for Disclosure of 404(b) Evidence [ECF No. 20]**

Mr. Worasi seeks an order directing the government to disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial through Federal Rule of Evidence 404(b). The government does not object to making disclosures as required by Rule 404(b), but requests that the Court to limit its order to evidence which is

2

encompassed by Rule 404(b), which excludes conduct that is "intrinsic" to the charged offense. Mr. Worasi's motion is **GRANTED** to the extent that the government shall disclose evidence it intends to offer at trial in accordance with Rule 404(b). The government shall make such disclosures at least **two weeks before trial**. This will ensure sufficient time to challenge the admissibility of any such evidence by the deadline set by the district court for the submission of motions in limine.

### 4. Mr. Worasi's Motion for Disclosure of Informants [ECF No. 21]

Mr. Worasi moves the Court for an order directing the government to disclose the identities of any confidential informants upon which the government relied in the investigation of this case, and to make early disclosures of the identities of any informant the government intends to call as a witness. While the government does not object to Mr. Worasi's motion, it states that it is unaware of the use of any informants in the investigation in this case.

The degree of involvement of a potential informant is a material question to whether the government must disclose that informant's identity. *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) ("In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required."). Accordingly, Mr. Worasi's motion is **DENIED** without prejudice. If Mr. Worasi becomes aware of any potential informants, he may move for disclosure of their identities at that time. Should the government become aware of any witnesses or participants in the crimes charged, it shall disclose their identities at least **one week before trial**.

### 5. Mr. Worasi's Motion for Early Disclosure of Jencks Act Material [ECF No. 22]

Mr. Worasi seeks an order requiring the government to disclose other Jencks Act materials as early as the Court deems appropriate. The government opposes the motion but has agreed to provide Mr. Worasi with all Jencks Act material no later than three business days prior to trial.

As noted above, the Jencks Act does not require early disclosure of information. Accordingly, Mr. Worasi's motion for early disclosure is **DENIED**. The Court again notes the government's offer to provide such materials prior to the commencement of trial and encourages the government to provide such evidence even sooner to avoid any unnecessary delays and ensure the fairness of any trial in this matter.

**6.  Mr. Worasi's Motion for Disclosure of Expert Witnesses [ECF No. 23]**

Mr. Worasi seeks an order requiring the government to disclose and provide a written summary of any expert testimony it intends to use at trial pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). The government does not object. Mr. Worasi's Motion is **GRANTED** to the extent that the government shall disclose expert testimony as required by Rule 16(a)(1)(G). Such disclosures shall be made according to the schedule set in the section of this Order pertaining to the government's discovery motion.

**7.  Mr. Worasi's Motion to Preserve Rough Notes [ECF No. 24]**

Mr. Worasi seeks an order requiring all government law enforcement officers and agents involved in the investigation of this case to retain and preserve any rough notes taken during their investigation. Mr. Worasi's motion is **GRANTED** to the extent that it seeks to compel the government to retain any rough notes. Disclosure is not required by this Order.

**IT IS SO ORDERED**.

Date: July 28, 2021

                                           *s/ Katherine Menendez*
                                           Katherine Menendez
                                           United States Magistrate Judge